**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CORNELIUS GRAY,**

      **Plaintiff,**

**v.**                                               **Case No.: 1:26-cv-24322**

**EQUIFAX INFORMATION SERVICES, LLC,**
**EXPERIAN INFORMATION SOLUTIONS,**
**INC., and TRANS UNION LLC,**

      **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff, CORNELIUS GRAY, ("Plaintiff") by and through his undersigned counsel, and hereby files his complaint against Defendants, and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

3. Plaintiff is a natural person, a resident of the state of Florida, and a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendants conduct business here, and the events giving rise to these claims occurred in this District.

**EQUIFAX**

5.      Upon information and belief, Defendant, EQUIFAX INFORMATION SERVICES, LLC, ("Equifax"), is a corporation incorporated under the laws of the State of Georgia authorized to do business in the State of Florida with a registered agent at 1201 Hays Street, Tallahassee, FL 32301.

6.      Equifax is a "consumer reporting agency," within the meaning of 15 U.S.C. § 1681a(f).

7.      Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

8.      Equifax disburses such consumer reports to third parties under contract for monetary compensation.

**EXPERIAN**

9.      Upon information and belief, Defendant Experian Information Solutions, Inc., ("Experian"), is a corporation incorporated under the laws of the State of California authorized to do business in the State of Florida with a registered agent at 1200 South Pine Island Rd., Plantation, FL 33324.

10.     Experian is a "consumer reporting agency," within the meaning of 15 U.S.C. § 1681a(f).

11.     Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

12.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

## TRANSUNION

13.     Upon information and belief, Defendant TRANS UNION LLC ("TransUnion"), is a corporation incorporated under the laws of the State of Illinois authorized to do business in the State of Florida through its registered offices at 1201 Hays Street, Tallahassee, FL 32301.

14.     TransUnion is a "consumer reporting agency," within the meaning of 15 U.S.C. § 1681a(f).

15.     TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

16.     TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

## STANDING AND INJURY

17.     Defendants published inaccurate credit information concerning Plaintiff to third parties.

18.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered, *inter alia*:

     i.     Denial or impairment of housing opportunities;

     ii.     Denial or impairment of access to credit;

     iii.     Increased cost of credit;

     iv.     Reputational harm from dissemination of false credit information;

     v.     Emotional distress, anxiety, and humiliation;

vi.  Out-of-pocket losses and time expended attempting correction; and

vii.  Invasion of Plaintiff's privacy as a consumer. *See* 15 U.S.C. § 1681(a)(4).

19. Plaintiff has Article III standing because he suffered concrete, particularized, and actual injuries that are fairly traceable to Defendants' conduct and redressable by this Court.

20. Defendants published inaccurate and misleading credit information concerning Plaintiff to third parties, including prospective creditors and housing providers.

21. Courts in the Southern District of Florida have repeatedly held that the publication of inaccurate credit information and failure to remove inaccurate information, coupled with resulting credit, financial harm or reputational harm, constitutes a concrete injury-in-fact sufficient to confer Article III standing. *See, e.g.*, *Stolfat v. Equifax, Inc.*, 2024 WL 4881339, at *3-4 (S.D. Fla. Oct. 17, 2024); *Ramones v. Experian Information Solutions, LLC*, 2021 WL 4050874, at * (S.D. Fla. Sept. 4, 2021); and *Berry v. Bank of America, N.A.*, 2018 WL 3126218, at *2 (S.D. Fla. June 26, 2018).

22. Plaintiff suffered denial or impairment of credit and housing opportunities, increased costs of credit, financial harm through denial or increased costs of business credit, and reputational harm resulting directly from Defendants' dissemination of inaccurate credit reports.

23. Under binding Eleventh Circuit precedent, the dissemination of false credit information itself is a concrete injury, even where economic loss is difficult to quantify. *See Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 942–43 (11th Cir. 2021) (holding that publication of inaccurate credit information causing reputational harm and credit denials establishes concrete injury).

24.     Plaintiff also suffered emotional distress, anxiety, and humiliation, which the Eleventh Circuit and courts in this District recognize as cognizable injuries under the FCRA when caused by inaccurate credit reporting. *Id.* at 943–44.

25.     Plaintiff's injuries are not speculative. Defendants' inaccurate reports were actually furnished to third parties and adversely affected Plaintiff's creditworthiness in real-world transactions.

26.     Plaintiff's injuries are fairly traceable to Defendants' statutory violations, including their failures to conduct reasonable reinvestigations, correct or delete inaccurate information, and mark accounts as disputed.

27.     Plaintiff's injuries are redressable by an award of statutory, actual, and punitive damages, as well as declaratory relief, pursuant to 15 U.S.C. §§ 1681n and 1681o.

28.     Accordingly, Plaintiff has standing under Article III of the United States Constitution, and this Court has subject matter jurisdiction over his claims.

## FACTUAL ALLEGATIONS

29.     Plaintiff submitted materially identical written disputes to Equifax, Experian, and TransUnion on the same dates, concerning the same tradelines, citing the same statutory violations, and demanding the same relief.

30.     Each Defendant independently failed to comply with its obligations under the FCRA as set forth below.

### November 13, 2025

31.     Plaintiff submitted written disputes to all three Defendants on November 13, 2025, identifying Synchrony Bank/Paypal Credit, Wells Fargo Bank, N.A., American Express, and

Cornerstone, tradelines by account number and alleging unlawful reporting of late-payment information that must be excluded or deleted.

32. Plaintiff demanded deletion within thirty (30) days or before the next reporting cycle as mandated by the FCRA.

33. Each Defendant failed to delete, suppress, or materially correct the disputed tradelines within the statutory timeframe.

### December 15, 2025,

34. Plaintiff submitted a follow-up dispute on December 15, 2025, to each Defendant, expressly referencing the November 13, 2025, dispute and identifying unchanged inaccuracies.

35. Plaintiff again demanded immediate deletion and warned of federal litigation and damages.

36. Despite repeated notice, each Defendant continued reporting the same inaccurate information.

### January 14, 2026

37. Plaintiff submitted additional disputes on January 14, 2026, notifying each Defendant that they had failed to correct or delete inaccurate or unverifiable information within thirty (30) days, in violation of 15 U.S.C. § 1681i(a)(5).

38. Plaintiff demanded permanent deletion within thirty (30) days but no Defendant took this action.

### February 16, 2026

39. On February 16, 2026, Plaintiff submitted further disputes to each Defendant challenging their reinvestigation processes and reliance on automated furnisher responses.

40. Plaintiff provided screenshots, highlighted discrepancies, and detailed explanations, yet Defendants failed to conduct independent or reasonable reinvestigations.

**March 18, 2026**

41. On March 18, 2026, Plaintiff submitted formal written requests to each Defendant for their method of verification pursuant to 15 U.S.C. § 1681i(a)(7).

42. Plaintiff demanded disclosure of furnisher identities, contact information, step-by-step reinvestigation procedures, and how Plaintiff's evidence was evaluated, or deletion of the tradelines.

**April 17, 2026**

43. On April 17, 2026, Plaintiff submitted formal written requests to each Defendant for their method of verification pursuant to 15 U.S.C. § 1681i(a)(7).

44. Plaintiff demanded disclosure of furnisher identities, contact information, step-by-step reinvestigation procedures, and how Plaintiff's evidence was evaluated, or deletion of the tradelines.

45. Each Defendant failed to provide a compliant response notwithstanding Plaintiff's insistence that Plaintiff would pursue legal remedies for FCRA violations.

**<u>WILLFUL NONCOMPLIANCE</u>**

46. Defendants' violations were willful, under the more expansive, consumer-friendly definition of willfulness which includes reckless conduct as clarified by the U.S. Supreme Court in *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007).

47. Defendants acted in reckless disregard of their statutory obligations by continuing to report inaccurate information after repeated and detailed disputes.

48. Defendants' conduct was objectively unreasonable, because no reasonable interpretation of the FCRA permits:

    i. Blind reliance on furnishers where the consumer disputes accuracy;

    ii. Failure to go beyond superficial verification when inaccuracies are identified;

    iii. Continued reporting of disputed information without correction or meaningful investigation.

*See Losch v. Nationstar Mortg. LLC*, 995 F.3d at 945 (CRA's procedures of relying on information supplied by a data furnisher deemed unreliable where consumer identifies the inaccurate information).

49. Defendants are sophisticated CRAs with institutional knowledge of their FCRA duties and judicial interpretations within this Circuit.

50. Defendants' continued noncompliance over several months, despite repeated notice, constitutes willful misconduct. *See Marchisio v. Carrington Mortg. Servs.*, LLC, 919 F.3d 1288, 1302–03 (11th Cir. 2019).

**COUNT I**
**AGAINST EQUIFAX**

51. Plaintiff realleges and incorporates paragraphs 1 through 50 above as if fully set out herein.

52. Equifax violated 15 U.S.C. § 1681i on multiple occasions by failing to update, modify or delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies within 30 days; by unlawfully reporting late payments arising from "consumer transactions" (*see* 15 U.S.C. § 1681a(d)(2)(A)(i)); by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to the appropriate parties; by failing to maintain

reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; by failing to provide a detailed description of its reinvestigation procedures within 15 days after receiving Plaintiff's request; and by not investigating beyond the Automated Consumer Dispute Verification (ACDV) system after Plaintiff informed Equifax that the creditors are unreliable, and provided photograph evidence of same.

53. Equifax further violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

54. Equifax further violated 15 U.S.C. § 1681c(f) by failing to indicate that the information regarding Plaintiff was disputed in each consumer report that included the information, rendering the reports incomplete and misleading.

55. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

56. Equifax's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

57. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II
## AGAINST EXPERIAN

58. Plaintiff realleges and incorporates paragraphs 1 through 50 above as if fully set out herein.

59.     Experian violated 15 U.S.C. § 1681i on multiple occasions by failing to update, modify or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies within 30 days; by unlawfully reporting late payments arising from "consumer transactions" (*see* 15 U.S.C. § 1681a(d)(2)(A)(i)); by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to the appropriate parties; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; by failing to provide a detailed description of its reinvestigation procedures within 15 days after receiving Plaintiff's request; and by not reinvestigating beyond the Automated Consumer Dispute Verification (ACDV) system after Plaintiff informed Experian that the creditors are unreliable, and provided photographic evidence of same.

60.     Experian further violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

61.     Experian further violated 15 U.S.C. § 1681c(f) by failing to indicate that the information regarding Plaintiff was disputed in each consumer report that included the information, rendering the reports incomplete and misleading.

62.     As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

63.     Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

64.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT III**
**AGAINST TRANSUNION**

65.     Plaintiff realleges and incorporates paragraphs 1 through 50 above as if fully set out herein.

66.     TransUnion violated 15 U.S.C. § 1681i on multiple occasions by failing to update, modify or delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies within 30 days; by unlawfully reporting late payments arising from "consumer transactions" (*see* 15 U.S.C. § 1681a(d)(2)(A)(i)); by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to the appropriate parties; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; by failing to provide a detailed description of its reinvestigation procedures within 15 days after Plaintiff's request; and by not reinvestigating beyond the Automated Consumer Dispute Verification (ACDV) system after Plaintiff informed TransUnion that the creditors are unreliable, and provided photographic evidence of same.

67.     TransUnion further violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

68.     TransUnion further violated 15 U.S.C. § 1681c(f) by failing to indicate that the information regarding Plaintiff was disputed in each consumer report that included the information, rendering the reports incomplete and misleading.

69.     As a result of this conduct, action, and inaction of TransUnion, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

70.     TransUnion's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

71.     Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment for compensatory and punitive damages against Defendants, jointly and severally; for Plaintiff's attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a jury trial on all claims.

Dated: June 22, 2026.

/s/ Nickolas C. Ekonomides
**Nickolas C. Ekonomides, Esq.**
F.B.N. 997821
**Bryen N. Hill, Of Counsel**
F.B.N. 0095993
NICKOLAS C. EKONOMIDES, P.A.
325 N. Belcher Road, Suite 1D
Clearwater, Florida 33765
(727) 447-1075
Primary Email: service@eko-law.com
Attorneys for Plaintiff